NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
SEAN D. PETERSON (Cal. Bar No. 274263)
Assistant United States Attorney
Riverside Branch Office
     3403 10th Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6930
     Facsimile: (951) 276-6202
     E-mail:    sean.peterson2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 19-213-JGB-3 |
| Plaintiff, | PLAINTIFF'S RESPONSE TO PRESENTENCE REPORT AND SENTENCING POSITION FOR DEFENDANT JERRIKA ELDRENA LASHAY JOHNSON; EXHIBIT |
| v. | |
| JERRIKA ELDRENA LASHAY JOHNSON, aka "Muffin," "Big Sis," "Jerrika Carter," | Hearing Date: January 4, 2021<br>Hearing Time: 2:00 p.m.<br>Location:    Courtroom of the Hon. Jesus G. Bernal |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sean D. Peterson, hereby files its response to presentence report and sentencing position for defendant JERRIKA ELDRENA LASHAY JOHNSON.

This response to presentence report and sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 17, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

          /s/
SEAN D. PETERSON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On June 5, 2019, defendant JERRIKA ELDRENA LASHAY JOHNSON ("defendant" or "JERRIKA JOHNSON") was charged in nineteen counts of a twenty-one-count indictment with conspiracy, in violation of 18 U.S.C. § 1349, mail fraud, in violation of 18 U.S.C. § 1341, wire fraud, in violation of 18 U.S.C. § 1343, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and financial aid fraud, in violation of 20 U.S.C. § 1097(a).

On October 7, 2020, defendant pleaded guilty pursuant to a plea agreement to count one (conspiracy) of the indictment.  Pursuant to the plea agreement, at the time of sentencing, the United States agreed to move to dismiss the remaining counts of the indictment vis-à-vis defendant.

The United States Probation Office ("USPO") has issued a Presentence Report ("PSR") calculating defendant's total offense level at twenty-five, and her Criminal History Category as II, resulting in a Guidelines sentencing range of 63-78 months' imprisonment.  The United States agrees with the Probation Officer's total offense level calculation, but respectfully disagrees with the Probation Officer's criminal history calculation, because the Probation Officer did not apply a two level increase in criminal history points pursuant to U.S.S.G. § 4A1.1(d), for committing the conduct at issue in this case while being on probation for her 2011 conviction for fraud in obtaining aid.  Finding this provision to apply would place defendant in Criminal History Category III, making her Guidelines sentencing range of 70-87 months' imprisonment.  The United States recommends that this Court impose a low-end of the

Guidelines sentence of 70 months' imprisonment, and a $100 special assessment.

**II. STATEMENT OF FACTS**

**A. AGREED UPON FACTS**

During the change of plea hearing, and in the factual basis of the plea agreement, defendant admitted the following:

Beginning on or about a date unknown, but no later than in or about February 2013, and continuing to in or about December 2014, in San Bernardino County, and elsewhere, defendant conspired and agreed with SPARKLE SHORALE NELSON ("NELSON"), SHYKEENA MONIQUE JOHNSON, also known as ("aka") "Shy" ("JOHNSON"), and others to use the mails and interstate wires to knowingly and with the intent to defraud, devise, participate in, and execute a scheme to defraud the United States Department of Education ("the Department") as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

As part of the conspiracy, defendant, NELSON, and JOHNSON, would obtain personal identifying information, including names and social security numbers of other individuals, hereinafter referred to as "straw students." Dozens of straw students willingly provided their personal identifying information directly to defendant, NELSON, or JOHNSON, in exchange for money, knowing that their personal identifying information would be used to obtain Federal Student Aid ("FSA"), although they did not intend to attend school. Defendant, NELSON, and JOHNSON also used intermediaries or recruiters to obtain the personal identifying information of students. While most straw students willingly provided their personal identifying information to

defendant, NELSON, or JOHNSON, the means of identification of at least ten straw students were used without their approval or authority.

Defendant, and other co-conspirators, would complete the application and enrollment process with Fullerton College among other colleges, using the straw student's name and personal identifiers. Defendant, and other co-conspirators, would use the personal identifying information of the straw students to file FAFSAs on the Internet for financial aid, but would not comply with the preparer related requirement to sign the application and include the preparer's social security number.

Defendant, and other co-conspirators, would complete Master Promissory Notes on the Internet for the straw students. By completing Master Promissory Notes and filing FAFSAs from their computers in California, defendants and other co-conspirators would send interstate wires to Department servers in Texas.

Defendant, and other co-conspirators, would cause Fullerton College, among other colleges, to disburse money to the straw students from the Department by depositing the financial aid onto Higher One debit cards, which were mailed to addresses belonging to defendant, and other co-conspirators, including some straw students. Defendant, and other co-conspirators, would activate the Higher One debit cards in the names of the straw students. Defendant, and other co-conspirators, would cause the FSA funds to be transferred from the Higher One accounts in the names of certain straw students to other Higher One accounts, which defendant, and other co-conspirators, controlled.  Defendant, and other co-conspirators, would not use the funds disbursed to the accounts of straw students for permitted

educational costs. Instead, defendant, and other co-conspirators, would use the money for their personal expenses.

In sum, the total amount of FSA initially disbursed by ED to Fullerton College on behalf of straw students and as a result of this conspiracy was approximately $1,080,172. However, after accounting for money reimbursed by Fullerton College to ED, the actual loss to ED was approximately $869,596.75.

In furtherance of the conspiracy, and to accomplish its objects, on or about the following dates, defendant and co-conspirators, committed, and willfully caused others to commit, various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

- On or about August 9, 2014, defendant, and other coconspirators, submitted a FAFSA online from an IP address in Victorville, California to the Department Server in Plano, Texas, causing the transmission of an interstate wire, using personal identifying information belonging to straw student D.P., who was incarcerated at the time in a state penal institution, and who was unable to attend classes online or in person.
- On or about August 13, 2014, Higher One mailed a Higher One debit card for straw student D.P. to an address in Barstow, California, an address utilized by coconspirators.
- On or about October 22, 2014, defendant sent a text message to NELSON stating "U have [straw student D.P.] and [straw student T.T.] card."

4

- On or about October 22, 2014, NELSON sent a text message to defendant stating "Omg what's [straw student D.P.] info so I can transfer & what's there pins?"
- On or about October 22, 2014, defendant sent a text message to NELSON containing the same email address Higher One had on file for straw student D.P.
- On or about November 17, 2014, defendant sent the means of identification for straw student E.P. to NELSON via a text message. The transfer and possession of E.P.'s means of identification on this day were acts in furtherance of the conspiracy, and they followed a series of prior acts by co-conspirators involving the misappropriation and misuse of E.P.'s means of identification to fraudulently obtain FSA and thereby to enrich themselves. For example, co-conspirators had previously used E.P.'s name and other means of identification to apply to attend Fullerton College, to repeatedly apply for FSA, to execute a master promissory note, and to obtain disbursements of thousands of dollars of FSA in E.P.'s name.

## III. SENTENCING GUIDELINES CALCULATION

### A. The PSR Calculation of Offense Level

The United States Probation Office ("USPO") determined that defendant has a total offense level of twenty-five, determined by a base offense level of seven, pursuant to U.S.S.G. § 2B1.1(a)(1), an increase in fourteen levels for an offense involving a loss of over $550,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), an increase in two levels for ten or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), an increase in two levels for using an ID to

produce an ID, and an increase in three levels for aggravating role, pursuant to U.S.S.G. § 3B1.1(b), minus three levels for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a), (b). (PSR ¶¶ 31-43.) The United States agrees with the total offense level calculated by the USPO, which is consistent with the Sentencing Guidelines factors agreed upon by the parties and included in the plea agreement filed in this case. (*See* CR 81.)

### B. The PSR Calculation of Criminal History Calculation

The USPO also determined that defendant has three criminal history points, placing her in Criminal History Category II. (PSR ¶¶ 47-50.) The United States agrees with the USPO's calculation of three criminal history points based on defendant's two prior convictions, the timing of those convictions, and the sentences imposed in those cases, however, the United States believes that a two level upward adjustment in criminal history points is appropriate because defendant was under a criminal justice sentence (of probation) when she committed the offense at issue in this case.

Sentencing Guidelines Section 4A1.1 adds two points to a defendant's criminal history, "if defendant committed the instant offense while under any criminal justice sentence, including probation[.]" U.S.S.G. § 4A1.1(d). The comment to this section explains that it applies "if defendant committed any part of the instant offense (i.e., relevant conduct) while under any criminal justice sentence, including probation[.]" *Id.* n. 4. Defendant was convicted of fraud to obtain aid, in violation of Welfare and Institutions Code Section 10980(C)(2) on May 23, 2011. (PSR ¶ 48; Ex. 1.) Her sentence in that case included a term of 36 months'

probation, which would have expired in May 2014.[1]  *Id.*  The offense conduct in this case began on an unknown date, but no later than February 2013, and continued until December 2014.  Clearly, although defendant's known offense conduct in this case finished after her term of probation for her previous offense, there were approximately 15 months' of overlap between the time she was on probation, and also engaged in the relevant conduct in this case.  According, the two level increase in criminal history points for U.S.S.G. § 4A1.1(d) applies, giving defendant a total of five criminal history points, which places her in Criminal History Category III, with a resulting Guidelines Offense Level of 70-87 months' imprisonment.

**IV.  ANALYSIS OF THE 18 U.S.C. § 3553(a) FACTORS**

A low-end Guidelines sentence of 70 months' imprisonment is reasonable in light of the factors listed under 18 U.S.C. § 3553(a).  Such a sentence would reflect the nature and circumstances of the offense and the history and characteristics of defendant, among other relevant sentencing factors.

On the aggravating side of the ledger, this is not defendant's first conviction, nor is it her first conviction for defrauding the government.  Defendant's 2011 conviction for fraud to obtain aid, in violation of California Welfare and Institutions Code Section 10980(C)(2), is of a generally similar nature to her conduct in this case, which involved defrauding the Federal Department of Education.  Moreover, defendant was on probation for her previous fraud offense,

---

[1] The PSR noted that the USPO was unaware as to whether defendant was represented by counsel in her 2011 conviction for fraud to obtain aid, in violation of California Welfare and Institutions Code Section 10980(C)(2).  The court records attached to this filing show that defendant was, in fact, represented by counsel in those proceedings.  (*See* Ex. 1.)

7

when she engaged in some of the conduct at issue in this case. Therefore, the fact of her prior fraud conviction, and the presence of a probation related supervisory structure in her life, did not deter defendant from engaging in the conspiracy to defraud in this case.

The conspiracy in this case, and defendant's actions in furtherance of it, raise concerns at a number of levels. First, the conspiracy amounted to an agreement between defendant and her charged co-defendants to operate a financial aid fraud mill for more than one-and-a-half years. The over $800,000 in actual losses to the Department of Education, and the over $1,000,000 in potential losses to it, reflect the massive scope of the mill. Second, defendant, and her co-defendants, did not operate at the bottom rung of the conspiracy. They invited people to participate in the scheme, and used recruiters to involve other people (or other people's personal identifiers) in the scheme. Thus, defendant, and her co-defendants, enticed other people to defraud the government, and they directed them in doing so. Third, although many straw students were in fact willing participants or co-conspirators, not all of them were; twelve of them had their identities and personal identifiers used without their permission. Apart from the invasion of privacy involved in using a person's name and identifiers without his/her permission, fraudulently obtaining financial aid in that person's name, may (at least initially) prohibit that person from legitimately obtaining financial aid in the future.

On the mitigating side of the ledger, defendant timely admitted responsibility for her actions after charges issued in this case, saving the prosecution from engaging in unnecessary trial

8

preparation.  She is also the mother of four children, and did not exclusively support herself through fraud, as she was gainfully employed as a security officer during the conduct at issue in this case.  (PSR ¶ 67.)  She also was legitimately employed following her indictment for the conduct in this case.  (PSR ¶ 66.)

In sum, there are aggravating and mitigating circumstances present in this case, which are appropriately reflected in defendant's Guidelines computation.  The punishment in this case should serve to deter defendant and others from engaging in similar conduct in the future.  Thus, the recommended sentence would serve to promote respect for the criminal laws and would serve to protect the public from future crimes by this defendant.  In addition to justly reflecting the seriousness of defendant's crime, a 70-month prison sentence would also justly account for defendant's history and characteristics, as explained above.  Such a sentence would be "sufficient, but not greater than necessary," to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553.

**V.   RESTITUTION**

Consistent with the plea agreement, and the PSR, the United States requests that the Court order defendant to pay restitution to the United States Department of Education, in the amount of $869,596.75.

**VI.  CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court impose a low-end Guidelines sentence of 70 months' imprisonment, followed by a 3-year period of supervised release, and a mandatory special assessment of $100.